I'd like to reserve 2 minutes for rebuttal and I'll watch my time. All right. Mr. Lawrence was charged and convicted of, quote, disorderly conduct under a regulation that does not define disorderly conduct or otherwise provide guidance as to what is actually criminal conduct. This court should vacate the conviction because the regulation does not provide guidance as to what is actually criminal conduct. The portion of the regulation about disorderly conduct is void for vagueness. Let me understand your position. If the very specifies A, B, C, D apply to disorderly conduct, does your client lose? Well, I would submit that there is still some concerns with this statute. For example, or with this regulation, I apologize, subsection A says an unusual noise is prohibited, and that is entirely subjective and would be hard to develop a sort of objective standard of conduct that constitutes unusual. Although that sounds like a void for vagueness as opposed to applied, correct? Yes, Your Honor. I may at least submit that there's still problems with some of the wording in the subsections. But should the Court determine that the statute could be construed reasonably that way, there would still be the lack of notice problem, because we don't know what subsection Mr. Lawrence was actually charged under, given the citation. Well, it says disorderly conduct on the citation. Yes. Right. And so what's the one who submitted a probable cause statement, didn't he? Where's the lack of notice? The government actually submitted the probable cause statement in response to the motion to dismiss. And the problem with the lack of notice, that there was no subsection identified, is that Mr. Lawrence walked in a trial having no idea which theory the government was going to pursue. And indeed, at the beginning of the trial, the government said it could prove any of the theories, that simply citing the regulation was enough to cover A, B, C, or D. But it's a petty offense, right? Yes. And so for petty offenses are governed by a different rule. I think it's Rule 58 instead of Rule 7. So under Rule 58, isn't it sufficient notice? A citation can be sufficient notice, absolutely, Your Honor. The problem is the contents of the notice is insufficient here, because it just says disorderly conduct. And moving quickly back to the reason that that is an unconstitutionally vague crime, is that there's only one reasonable interpretation of this statute, that it prohibits loitering, disorderly conduct, and then other conduct. And other conduct is what is defined by A, B, C, and D. You see, but I disagree with you. That is to say, I read A, B, C, and D applying to all three of them, loitering, disorderly conduct, other conduct. So you — I'm not sure as my colleague, we haven't discussed this ahead of time, but as to me, you've got to convince me that if A, B, C, and D apply to disorderly conduct, that's where you are with me. Okay. I appreciate that, Your Honor. One quick point as to that interpretation. It would make it completely superfluous and redundant for the statute to say loitering, disorderly conduct, and other. If they all have the exact same meaning, why would the regulation say three distinct groups of conduct? Well, it's or, so it's not all four of those apply. And it may be that loitering is obstructing the use of entrances, but not — there's no noise or disturbance. I don't — I don't see how the A, B, C, and D could equally apply to loitering. That's the problem, is that the government's theory, they have to all equally apply to loitering, disorderly conduct, and other. Well, why doesn't loitering apply to it? I don't understand why loitering wouldn't apply to it. The most obvious example is that loud noise is — it's unclear how that is loitering. Or a nuisance. Or a nuisance. Yes. Loitering is a nuisance, depending on your point of view. It's — I think the problem is that A, B, C, and D need to, as — under the statutory construction. I know, but even under — isn't it reasonable to say that, because even under the government's rule as well, that the regulation prohibits — you could read it to say that the regulation prohibits loitering that creates loud or unusual noise, not creating loud or unusual noise by loitering. So why couldn't you read it that way? Because I don't think that's what the regulation's plain language says. And the district court actually held that only disorderly conduct and other conduct were — were defined by A, B, C, and D. Yeah. But I don't have to agree with the district court on that point. Yes, Your Honor. And I think the government's theory is a little less clear, whether it's relying on the district court's reading or loitering is also included. I mean, you have — we're faced with a situation where you may have a reading, and it's one that could be credited. But if there is this other credible reading, then we land in the world of constitutional avoidance. So we have two judges there. We're going to have three here take a look at it. And we have you and the government, each presumably reasonable individuals interpreting the statute, coming out two different ways. So why doesn't your client lose, then, because of the doctrine of constitutional avoidance? Because this Court and the Supreme Court has said you will not rewrite a statute to avoid the Constitution. If there are plausible, reasonable interpretations, absolutely. But here, it just wouldn't make sense that a regulation would write loitering disorderly and other. They all have the exact same meaning without any definition of loitering or disorderly to show why those words are even in there. I don't understand why you think they have the exact same meaning, because A, B, C, and D are in the alternative. So it could be loitering that obstructs, but it could be disorderly conduct that is I mean, I don't view them as having the exact same meaning at all. They are all there, and they can be proved by any one of the four, but they're not necessarily the same thing at all. I understand the Court's position, and so I'd like to move to the notice argument. Because you agree that if we disagree with you on that, then we don't really address the facial and as-applied challenges. I'd submit there are still problems, but the notice issue would be our main issue on appeal. All right. And so the notice issue, we talked about this briefly. At what point did your client get the probable cause statement? The record is unclear. The first time the probable cause statement appears is attached to the government's response to the motion to dismiss, the first motion to dismiss, which was about a month before the trial. And you And what time? What's the When should he have gotten it? When's the authority that you have that he should have gotten it earlier, or why that wasn't sufficient at that point? Well, actually, the insufficiency of the notice is that the citation or the probable cause statement don't identify a subsection. But well, but for a citation, what's the authority that says you need more than what was here for the citation? Yes. Your Honor, it's this Court's decision in Rojo. And in that case, the notice was more deficient in Rojo. Absolutely. There was no date even. However, but it's the same problem, because though we have a date and a regulation and the words disorderly conduct in the citation, that doesn't give Mr. Lawrence notice of is it A, B, C, or D theories, or as this Court is saying, disorderly conduct may only be defined by A, B, C, or D portions of those statutes. What was the harm, meaning was there a dispute as to what he did? Did he claim I didn't make these statements? No. The problem is legally, that we have no idea what the elements were that the government before going, walking into this trial and even the moment before the first witness started testifying, we had no idea what legal theory the government was pursuing under. The government said right before the trial that it could go under A, B, C, or D because it had cited the regulation in the citation. And that's not sufficient notice. Mr. Lawrence should not be required to track down and investigate all of these theories, because the government can just choose which one it likes at the end of trial after the testimony. Even under Rule 48, because you're citing Rojo, and I'm looking at it, you know, their citation failed to provide sufficient notice of the elements and facts of the pending charges, and the citation listed only the statute violated without specifying a relevant subsection and without including any other facts such as date, time, or location. Here, I think what you — I'm asking you, it seems like the citation included the phrase, ''disorderly conduct'', is that correct? Yes. As well as the date? Yes. Is that correct? Yes. The time? Yes. And the location of the incident? Yes. Okay. So I guess my question is, in the context of a petty offense, why isn't this information sufficient for the constitutional notice? Why isn't it adequate? First, I would note that there's no difference in the fundamental due process notice requirements, because this is a petty. This is a criminal offense. Well, but Boyd — I think there's a — U.S. v. Boyd, I think, says Congress has determined that petty offenses do not require the heightened accountability afforded by the procedures used to obtain an indictment, information, or complaint. So I guess I'm just asking why isn't this sufficient in light of what — our case law that we have here? Because it's not — our issue is not with the procedure, Your Honor, which is absolutely citations are a lesser procedural protection. It's substantive that the content of the notice was not sufficient. And so is Rojo your best case? Yes, Your Honor. Okay. Thank you. Thank you. I just wanted to note that your time has expired, but I will be giving you some time for rebuttal. May it please the Court, Bill Reed for the United States, impeding or disrupting a government employee in the official performance of duties where you tell the employee that you're going to expletive her up and then leave town is not unconstitutionally vague when this occurs on Federal property. In Bryce, this Court found that this regulation involving the same impeding or disrupting language was not unconstitutionally vague. Mr. Lawrence's claim that disorderly conduct in this regulation is unconstitutionally vague on its face hinges on his argument that the list of — the itemized list of prohibitive conduct in the regulation does not apply to his case because of the rule of the last antecedent. But why — I guess I do have a question. Why wouldn't the term disorderly conduct be rendered basically superfluous under your reading of the regulation, since the regulation would then be prohibiting both disorderly conduct and other conduct, and then describing that? I mean, there is something there to that argument. I would submit, Your Honor, that the three general generic headings is what I would characterize them as disorderly conduct, loitering, and other conduct, or essentially catch-all phrases that are further elucidated in the A, B, C, and D subsections to capture, to cabin the that is designed to control certain conduct on Federal properties, what we're talking about. My response to Your Honor's question as to that, it's — they're essentially headings is what I would describe them as, or generic categories. But there — if there's any doubt as to their meaning, it's further elucidated in the general categories. Talk to me about notice, please. When did he — do you agree that the defendant here got the probable cause statement at the time that your opposing counsel says that they did? I concur with opposing counsel that the record is unclear as to when he got it, but the record is clear, and the district court found that he had it. He received this statement, elaborate statement. When? It's unclear. He had it before trial, though, the district court correctly found. I submit that there's no clear error with that, and in fact, the record shows that he had to have used this statement of probable cause before he had counsel, or I don't know if he had counsel, but he was filing pro se defense motions where he quoted the verbiage from the statement of probable cause, the alleged — the verbiage that he was convicted of uttering to this Social Security employee, and he also identified the two employees by name, the victim, if you will, and the witness to it. So — and the district court found that he had it before trial. And the citation and the statement of probable cause are both dated June 28th. That is correct, Your Honor. They're both dated the same day, but it is unclear when he received the statement of probable cause, but it's at least — it is clear he had it, and the district court correctly found. I submit there's no clear error in that finding that he had it before trial, and he used it in his defense. So he had plenty of notice, adequate notice to provide it. What about the argument, even if he had the statement of probable cause, which recites the narrative, what about the argument that he was entitled to know, in terms of notice, what subsection of the regulation the government was proceeding under? Well, the — thank you, Your Honor. The statement of probable cause does not set forth the exact subsection. However, the statement of probable cause, it uses the verbiage from that subsection where it accused him of threatening conduct that, quote, interrupted the performance of social — SSA employees, and identifies both of them, and disrupted normal operations at the facility. So that's clearly language from the subsection that — That subsection C. Yes, Your Honor. Yeah. Okay. Yes, Your Honor. Again, this is not unconstitutional — this regulation is not unconstitutionally vague on its face. Again, it's limited to conduct on federal property. It's not in anywhere else, and certainly an individual of ordinary intelligence would be on notice that this type of conduct, which interrupts and disrupts the performance of government employees in their official duties, would be prohibited, and it certainly does not present opportunities for arbitrary enforcement. Unless there are any other questions about this matter, I respectfully submit it. Thank you. Ms. Espinosa, could you put another minute back on the clock, please? Thank you, Your Honor. To respond to the government's notice argument that the probable cause statement gave notice that it was clearly subsection C they were pursuing, that is belied by the government's statements at trial. ER, at the record, at 89 to 90, the government said it could proceed on any theory. So the government didn't even interpret its probable cause statement as cabining it to subsection C. The government said we could prove anything, and, indeed, elicited testimony that maybe he was loud when he said — allegedly said this statement. And the fact that the government wanted to have it both ways, now on appeal is saying notice was super clear because the PC statement, but now — but before, it wanted to keep its options open before trial to see which theory it could prove, A, B, C, or D, after the testimony. That's the prejudice here, and that's why notice is important. This is not a high requirement. To make the citation or the government clearly identify its theory under the subsection before trial is not a high burden, and the government should have done it here. Let me ask you about just the receipt and the timing of the receipt of the notice of probable cause. The government says that it's pretty clear that even though we don't know the precise data which you received, it's pretty clear that he did have it before trial. Do you agree with that? Yes, I agree. The record shows it was about a month before trial, but we'd submit legally that was still insufficient. Thank you. Thank you, Your Honor. Thank you. Thank both counsel for the argument this morning. United States v. Lawrence is submitted.
judges: McKeown, W. Fletcher, Murguia